# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC., and L'UNIVERSITÉ DE SHERBROOKE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AKER BIOMARINE ASA, JEDWARDS INTERNATIONAL, INC., and VIRGIN ANTARCTIC LLC.<br><br>　　　　　Defendants. | C.A. No. _____<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Neptune Technologies & Bioressources, Inc. ("Neptune") and L'Université de Sherbrooke ("Sherbrooke") allege as follows:

### Parties

1.   Plaintiff Neptune Technologies & Bioressources Inc. is a corporation organized and existing under the laws of Québec, with its principal place of business at Suite 200, 225 Promenade du Centropolis, Laval, Québec, H7T 0B3 Canada.  Neptune is an industry-recognized leader in the innovation, production and formulation of science-based and clinically-proven novel phospholipid products for the nutraceutical and pharmaceutical markets.  Among Neptune's products is Neptune Krill Oil®, which is the first, and only, clinically proven omega-3 phospholipid that demonstrates safety, purity, stability and effectiveness.

2.   Plaintiff L'Université de Sherbrooke is a university located in Sherbrooke, Québec, Canada.

3. On information and belief, Defendant Aker BioMarine ASA ("Aker") is a corporation organized and existing under the laws of Norway and headquartered at Fjordallèen 16, P.O. Box 1423 Vika, Oslo, Norway. Aker has described itself as "an integrated biotechnology company [which creates] value from krill harvesting and processing." On information and belief, Aker or its subsidiaries or agents manufactures Aker Krill Oil Products (the "Aker Krill Oil Products"), for example, those products branded as Superba Krill Oil and Superba Krill Caps. True copies of pages of www.akerbiomarine.com describing the Aker Krill Oil Products are attached as Exhibit A. As alleged below, Aker has transacted business in this District, including without limitation by agreement with Jedwards International, Inc., under which Aker has supplied Jedwards International, Inc. with 20 metric tons of the Aker Krill Oil Products.

4. Defendant Jedwards International, Inc. ("Jedwards") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with offices at 10 Furnace Brook Parkway, Quincy, Massachusetts 02169, 39 Broad Street, Quincy, Massachusetts 02169, and 141 Campanelli Drive, Braintree, Massachusetts 02184. Jedwards has described itself as "a supplier of Specialty oils to the Food, Dietary Supplement, and Cosmetic industries in North America." On information and belief, Jedwards owns the website www.bulknaturaloils.com.

5. Defendant Virgin Antarctic LLC ("Virgin") is a Limited Liability Company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal office at 141 Campanelli Drive, Braintree, Massachusetts 02184. On information and belief, there is an identity of ownership and/or management between Jedwards and Virgin. True copies of summary reports of the Corporations Division, Secretary of State, Commonwealth of Massachusetts, are attached as Exhibit B.

**Jurisdiction and Venue**

6. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

7. This Court has personal jurisdiction over the Defendants. As alleged below, the Defendants have transacted business in this District and have committed, induced, contributed to, or participated in the commission of tortious acts of patent infringement in this District.

8. In addition, this Court has personal jurisdiction over Jedwards and Virgin due to their continuous and systematic contacts with the Commonwealth of Massachusetts.

**Patent in Suit**

9. On October 5, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,800,299 (the "'299 patent"), entitled "Method of Extracting Lipids from Marine and Aquatic Animal Tissues." A true copy of the '299 patent is attached hereto as Exhibit C. The claims of the '299 patent are valid and enforceable.

10. Sherbrooke owns by assignment the '299 Patent.

11. Neptune is the exclusive licensee of the '299 patent pursuant to a License Agreement entered into between Neptune and Sherbrooke effective February 23, 2001. Neptune manufactures and sells Neptune Krill Oil® pursuant to the license agreement.

**Claim for Relief for Infringement of the '299 Patent**

12. On information and belief, the Aker Krill Oil Products are manufactured by practice of the invention claimed in the '299 Patent.

13. On information and belief, Aker has infringed the '299 Patent, either directly or indirectly, including without limitation by importing the Aker Krill Oil Products into the United

States, or offering to sell, selling, or using the Aker Krill Oil Products within the United States, or by contributing to or inducing the offering to sell, sale, or use of the Aker Krill Oil Products by others, including without limitation Jedwards and Virgin.  For example, Aker has offered for sale or sold Aker Krill Oil Products to distributors in the United States, including without limitation Jedwards and Virgin.  In particular, according to a press release issued by Aker on November 6, 2007, Aker has entered into "an agreement for sale of Aker BioMarine's krill oil with Jedwards International Inc., a leading Omega-3 distributor in the US market.  Jedwards holds an estimated 25-30 percent market share in the US.  The agreement gives Aker BioMarine access to an established customer base and a major distribution network."  A true copy of Aker's announcement is attached as Exhibit D.  According to a press release issued by Jedwards on July 16, 2009, Aker has supplied Jedwards with 20 metric tons of the Aker Krill Oil Products.  A true copy of Jedwards's announcement is attached as Exhibit E.

14. On information and belief, Jedwards and Virgin have infringed the '299 Patent, either directly or indirectly, including without limitation by importing the Aker Krill Oil Products into the United States, or offering to sell, selling, or using the Aker Krill Oil Products within the United States, or by contributing to or inducing the offering to sell, sale, or use of Aker Krill Oil Products by others.  For example, on information and belief, Jedwards and Virgin have offered to sell the Aker Krill Oil Products through the website www.bulknaturaloils.com.  True copies of pages of www.bulknaturaloils.com offering to sell the Aker Krill Oil Products are attached as Exhibit F.

15. The Defendants' direct and indirect infringement has damaged the Plaintiffs, for which the Plaintiffs seek and are entitled to compensation in an amount to be determined at trial.

16.     The Defendants' direct and indirect infringement is causing and will continue to cause Plaintiffs irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement.

## **Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a) A judgment that one or more claims of the '299 patent are infringed, either directly or indirectly, by Defendants' importation into the United States, or by offers to sell, sales, or uses within the United States, of products manufactured by practice of the invention claimed in the '299 patent, including without limitation the Aker Krill Oil Products;

(b) An order permanently enjoining Defendants, their affiliates and subsidiaries, and each of their officers, agents, servants and employees and those acting in privity or concert with them, from importing into the United States, or offering to sell, selling, or using products manufacture by practice of the invention claimed in the '299 patent, including without limitation the Aker Krill Oil Products, until after the expiration date of the '299 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(c) Awarding damages under 35 U.S.C. § 284 in an amount sufficient to compensate Plaintiffs for their damages arising from Defendants' direct and indirect infringement, together with pre-judgment and post-judgment interest, and costs;

(d) Requiring Defendants to pay Plaintiffs their costs and reasonable attorneys' fees; and

(e) Such further and other relief as this Court deems proper and just.

**<u>Demand for Trial by Jury</u>**

Plaintiffs request trial by jury of their claims for relief.

/s/ John J. Regan
John J. Regan (BBO # 415120)
Hollie L. Baker (BBO # 635056)
Vinita Ferrera (BBO # 631190)
Dean Farmer, Jr. (BBO # 669950)
Jason H. Liss (BBO # 672902)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

November 13, 2009

US1DOCS 7351516v7