**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC., and L'UNIVERSITÉ DE SHERBROOKE, | ) ) ) ) C.A. No. 1:09-cv-11946-MLW |
| Plaintiffs, | ) ) **EMERGENCY RELIEF** |
| v. | ) **REQUESTED** ) |
| AKER BIOMARINE ASA, AKER BIOMARINE ANTARCTIC AS, JEDWARDS INTERNATIONAL, INC., and VIRGIN ANTARCTIC LLC, | ) PLAINTIFFS' EMERGENCY ) MOTION AND MEMORANDUM IN ) SUPPORT OF THEIR MOTION ) TO COMPEL PRODUCTION OF ) DOCUMENTS AND THINGS AND ) TO EXTEND THE DEADLINES FOR |
| Defendants. | ) SERVING EXPERT REPORTS ) |
|  | ) PUBLIC REDACTED VERSION |
| AKER BIOMARINE ANTARCTIC AS, JEDWARDS INTERNATIONAL, INC., and VIRGIN ANTARCTIC LLC, | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC., and L'UNIVERSITÉ DE SHERBROOKE, | ) ) ) ) |
| Counterclaim Defendants. | ) ) ) |

**PLAINTIFFS' EMERGENCY MOTION AND MEMORANDUM IN
SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
THINGS AND TO EXTEND THE DEADLINES FOR SERVING EXPERT REPORTS**

Pursuant to Rules 37 and 16 of the Federal Rules of Civil Procedure, Plaintiffs

respectfully move this Court to compel Defendant Aker BioMarine Antarctic AS ("Aker

Antarctic") to produce certain documents and samples that are responsive to Plaintiffs' discovery

requests and are relevant to this issues of infringement currently before the Court. Aker Antarctic refuses to produce these materials despite clear indications from deposition testimony that they are relevant to Defendants' infringement. Due to Aker Antarctic's refusal to produce these items, Plaintiffs are unable to prepare their expert report regarding Defendants' infringement. In addition, as described below, it has become apparent that the parties have disagreements with regard to the construction of certain claim terms. Plaintiffs therefore also respectfully move that the deadlines for serving expert reports and rebuttal expert reports under Rule 26(a)(2) – currently set for October 1 and 15, respectively – be extended, in order to allow for claim construction briefing and to allow Plaintiffs to receive and consider the materials that are the subject of the instant motion to compel, to the later of (i) November 1 and November 15 or (ii) 14 and 28 days after the Court's claim construction ruling.[1] Because Plaintiffs' opening expert report regarding infringement is currently due this Friday, October 1, 2010, and it was only on Friday, September 24, 2010 that Aker Antarctic confirmed its refusal to produce the materials requested, emergency relief is requested.

## BACKGROUND

Neptune Technologies & Bioressources, Inc. and L'Université de Sherbrooke (collectively, "Plaintiffs") filed this patent infringement action against Defendant Aker BioMarine ASA and Defendants and Counterclaim Plaintiffs Aker BioMarine Antarctic AS Jedwards International, Inc. and Virgin Antarctic LLC (collectively, "Defendants"). The Complaint was filed on November 13, 2009 and was amended on June 24, 2010 to name Aker

---

[1] In conjunction with this request, Plaintiffs respectfully ask that the Court set a briefing schedule for claim construction. Specifically, Plaintiffs propose that the parties submit their opening briefs by October 11, with any responses due on October 18. Plaintiffs also respectfully request that the remainder of the dates set by the Court's Procedural Schedule be extended by 30 days, to allow for the time needed to complete expert discovery.

Antarctic, a subsidiary of Aker BioMarine ASA.  Pursuant to the Court's Scheduling Order of June 25, 2010 (the "Scheduling Order"),  Dkt. No. 93, the current phase of the case is limited to issues of infringement/non-infringement.  The patent-at-issue in this litigation is U.S. Patent No. 6,800,299, entitled "Method of Extracting Lipids from Marine and Aquatic Animal Tissues" ("'299 patent").  Declaration of Jason H. Liss in Support of Plaintiffs' Emergency Motion To Compel Production Of Documents And Things And To Extend The Deadlines For Serving Expert Reports ("Liss Decl.") Ex. A (U.S. Patent No. 6,800,299).

Plaintiffs allege that the processes used to manufacture Aker Krill Oil Products, which include products branded as Superba™ Krill Oil and Superba™ Krill Caps, practice the invention claimed in the '299 patent.  *See* Plaintiffs' Amended Complaint (Dkt. No. 91).  Early in this litigation, Plaintiffs produced evidence of Defendants' infringement – namely, results of testing of the Aker Krill Oil Products revealing the presence of acetone, ethanol, and ethyl acetate in those products – indicating that the patented process was used in their manufacture. Liss Decl. Ex. B (Exhibit A to March 15, 2010 Declaration of Jason H. Liss, Esq. In Support of Plaintiffs' Opposition to Aker Biomarine Antarctic AS's Motion For Summary Judgment of Non-Infringement).  However, before discovery even began in this case, Defendants filed a motion for summary judgment, relying on  a few self-serving and hand-picked documents to argue that they do not infringe the '299 patent.  Plaintiffs opposed the motion, and also moved for a denial or continuance of Defendants' motion under Rule 56(f).  The Court denied Defendants' motion and allowed Plaintiffs' motion,  "because plaintiffs are entitled to a period of formal discovery under Federal Rule of Civil Procedure 56(f)."  *See* April 15, 2010 Order (Dkt.

No. 77). The Court limited discovery in this phase of the litigation "to the issue of infringement/non-infringement of the patent at issue."[2] *See* June 25, 2010 Order (Dkt No. 93).

Fact discovery has now closed.[3] Throughout discovery, Defendants have steadfastly maintained that they do not use acetone or another ketone solvent in the manufacture of the Aker Krill Oil Products, as required by the asserted claims of the '299 patent. However, the documents that they have produced purporting to show the manufacturing processes, and the testimony that they have given regarding those processes, simply cannot be reconciled with the unchallenged data from Neptune's repeated testing of the Aker Krill Oil Products revealing the presence of acetone and ethyl acetate (both ketone solvents) in those products. Accordingly, there is still a factual dispute as to ███████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████

---

[2] Despite this clear statement by the Court, throughout discovery, Defendants have claimed that the scope of discovery is even more limited and that Plaintiffs may only inquire regarding the use of acetone, ethanol, and ethyl acetate in the manufacture of Aker Krill Oil Products. Such a reading is unwarranted and in direct contravention of the Court's Order.

[3] Pursuant to the Court's Order of August 24, 2010, fact discovery closed on September 17, 2010.

During fact discovery, the parties collected and produced hundreds of pages of documents, exchanged interrogatories, and took depositions.[4] Liss Decl. ¶ 2. Based on this discovery, it became apparent that there were several categories of documents and things responsive to Plaintiffs' requests for production and relevant to the infringement issues in the current phase of the case that Aker Antarctic failed to produce. Specifically, the following categories of documents were not produced:

- Aker Antarctic has not produced *any* documents related to █████████ 

- Aker Antarctic has not produced documents related to █████████

---

[4] The Court's Scheduling Order of June 25, 2010 provided that "Defendants shall coordinate with Naturex to arrange for plaintiffs and their experts to inspect Naturex's manufacturing facility, with respect to the accused process" and that the "parties shall meet in advance of the inspection to agree on conditions designed to protect the confidential nature of the process and facility to be inspected." After making numerous requests to Defendants for documents relevant to the Naturex facility so that Plaintiffs could prepare for the inspection (*see* Liss Decl. Ex. O (August 10, 2010 Letter from S. Abdullah to A. Hollis at 2)), Defendants finally produced a mere fourteen pages of documents on September 13, 2010. *See* Liss Decl. Ex. S (September 17, 2010 Letter from S. Abdullah to A. Hollis regarding Naturex). In light of the meager production, as well as the information received to date regarding Defendants' manufacturing, Plaintiffs decided that they would not pursue the inspection and informed Defendants the same day the Naturex documents were produced. *Id.* Plaintiffs informed Defendants of this decision before the parties had met pursuant to the Court's Order to discuss the conditions of the inspection.

[5] Such materials are responsive to at least Plaintiffs' Request for Production Nos. 5, 6, and 9 and Plaintiffs' Amended Request for Production No. 12. Liss Decl. Ex. C (Plaintiffs' First Set of Requests for Production (1-32) ("Plaintiffs' RFPs")) and Ex. D (Plaintiffs' Amended First Set of Requests for Production (3-4, 7-8, 12) ("Plaintiffs' Amended RFPs")).

[6] For example, Defendants' witnesses have testified that there are analyses of the krill conducted on the ship during the processing, and that these analyses are recorded in documents. *See, e.g.,* Liss Decl. Ex. E (August 27, 2010 Deposition Tr. of Anne Gustavsen ("Gustavsen Dep.")) at 45:8-46:22; Ex. F (August 26, 2010 Deposition Tr. of Svein Holm ("Holm Dep.")) at 142:8-143:2.

███████████████████████████

- Aker Antarctic has not produced documents showing ███████████
███████████████████████████

- Aker Antarctic has failed to produce a full set of samples requested in Plaintiffs' Requests for Production.[11]  In particular, Aker Antarctic has failed to produce samples of ███████████████████████████

---

[7] Such materials are responsive to at least Plaintiffs' Request for Production No. 5. Liss Decl. Ex. C (Plaintiffs' RFPs).

[8] *See* Liss Decl. Ex. F (Holm Dep.) 87:21-88:1 and Ex. E (Gustavsen Dep.) at 236:2-246:12.

[9] Such materials are responsive to at least Plaintiffs' Amended Request for Production No. 12. Liss Decl. Ex. D (Plaintiffs' Amended RFPs).

[10] *See, e.g.* Liss Decl. Ex. E (Gustavsen Dep.) at 128:1-131:6.

[11] These samples are responsive to at least Request for Production No. 10. Liss Decl. Ex. C (Plaintiffs' RFPs).

[12] *See* Liss Decl. Ex. E (Gustavsen Dep.) at 175:12-20, 208:20-209:5 and Ex. F (Holm Dep.) at 125:3-7.

[13] *See* Liss Decl. Ex. E (Gustavsen Dep.) at 112:19-115:12

[14] *See* Liss Decl. Ex. F (Holm Dep.) at 173:14-174:13. ███████████████████████████

- Aker Antarctic refuses to produce any non-privileged communications regarding the patent-in-suit.[15] These documents are inherently relevant to infringement in this case. Defendants' discussions regarding the methods covered by the '299 patent, particularly as they relate to the methods used by Defendants, is important evidence of what, if anything, Defendants did to avoid infringement and whether those steps were adequate to avoid infringement. Moreover, such discovery is relevant to willful infringement, which is within the scope of discovery in this phase (relating to infringement and non-infringement).

In an attempt to address the apparent insufficiency of Defendants' production, Plaintiffs sent Defendants a letter calling to their attention these various deficiencies and asking that they either indicate that they will produce the materials, or otherwise meet and confer regarding the missing items within three business days. *See* Liss Decl. Ex. G (September 17, 2010 Letter from S. Abdullah to A. Hollis). Defendants never responded. Finally, on Friday, September 24, in response to Defendants' request the night before to have a conference regarding other discovery issues, the parties held a telephone conference during which they discussed the deficiencies in Defendants' production. *See* Liss Decl. Ex. H (September 23, 2010 E-mail Correspondence between S. Abdullah and A. Hollis) and Ex. I (September 24, 2010 Letter from S. Abdullah to A. Hollis Regarding Discovery). During the conference, Defendants categorically refused to produce any of the documents or samples identified above. *See* Liss Decl. Ex. I (September 24, 2010 Letter from S. Abdullah to A. Hollis Regarding Discovery). Plaintiffs immediately informed Defendants of their intention to file the instant motion (*id.*) and are filing this motion on the next business day.

In addition to the ongoing discovery disputes, based on the parties' discovery responses and written communications, it is also apparent that the parties disagree with respect to the construction of certain claim terms. On August 16, 2010, Plaintiffs responded to Defendants' interrogatory regarding claim construction, stating that Plaintiffs did not believe the terms of the

---

[15] Such documents are responsive to Plaintiffs' Requests for Production Nos. 16-23. Liss Decl. Ex. C (Plaintiffs' RFPs).

7

claims needed construction and that Plaintiffs intended to rely on their plain meaning. *See* Liss Decl. Ex. J (Plaintiffs' and Counterclaim Defendants' First Supplemental Response to Defendants' and Counterclaim Plaintiffs' Second Set of Interrogatories (No. 10)). On August 31, 2010, Defendants responded to Plaintiffs' interrogatory regarding claim construction and proposed constructions regarding several of the claim terms. *See* Liss Decl. Ex. K (Defendants' Responses And Objections To Plaintiffs' Second Set Of Interrogatories (No. 12)). The parties held a telephone conference on September 9, 2010 to attempt to narrow the issues of dispute. *See* Liss Decl. Ex. L (September 24, 2010 Letter from S. Abdullah to A. Hollis Regarding Claim Construction). On September 24, 2010, after further consideration of Defendants' proposed constructions, Plaintiffs wrote to Defendants informing them that Plaintiffs agreed with the majority of Defendants' proposed constructions, except as to three claim terms, and providing Plaintiffs' proposed constructions for the three disputed terms. *See id.; See also* Liss Decl. Ex. M (Plaintiffs' Disagreements With Defendants' Proposed Constructions). With regard to these three terms, it is apparent that construction by the Court will be required.

## **ARGUMENT**

**I. DEFENDANTS HAVE IMPROPERLY REFUSED TO PRODUCE RELEVANT DISCOVERY RELATING TO THE CLAIMS AND DEFENSES OF INFRINGEMENT IN THIS LITIGATION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure makes clear that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Moreover, "[i]t is well established that courts employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules." *Townsend v. Hospital Bd. of Directors of Lee County*, 2010 WL 3702546, at *1 (M.D. Fla. September 16, 2010) (internal quotations and citations omitted). In particular, relevance "'is broadly construed at the discovery

stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.'" *McCarron v. J.P. Morgan Sec., Inc.*, 2008 U.S. Dist. LEXIS 400595 at *5 (D. Mass. May 14, 2008) (quoting *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984)).

Each of the categories of documents and things that Defendants refuse to produce fall well within the scope of discovery relevant to the parties' claims and defenses with respect to infringement. Plaintiffs need the materials they have requested in order to properly address Defendants' infringement in Plaintiffs' expert report. Defendants' refusal to produce the requested materials is baseless, particularly where, in some instances, Defendants do not even deny the relevance of the documents and samples requested. Defendants have not raised any objection to producing the materials aside from relevance.

### A. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Are Relevant to Defendants' Infringement And to Their Defenses

As described above, Aker Antarctic has failed to – and now refuses to – produce documents relating to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Aker Antarctic's refusal to produce this information leaves Plaintiffs in much the same position as they were at the time of Defendants' premature motion for summary judgment of non-infringement – that is, with selected discovery relating to only the *part* of the manufacturing process of the Aker Krill Oil Products about which Defendants wish to tell Plaintiffs. Plaintiffs are still left in the dark as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████ Additionally, without any documents to test the credibility of these witnesses or to gain a complete understanding of the processes used, ██████ ████████████████████████, Plaintiffs are unable to fully assess Defendants' infringement.[17]  *See* Liss Decl. Ex. E (Gustavsen Dep.) at 45:8-47:5.  *See Cuno Inc. v. Pall Corp.*, 116 F.R.D. 279, 280-81 (E.D.N.Y. 1987) (Compelling inspection of accused infringer's "entire facility."  The accused infringer's "fear of [revealing] confidential proprietary and peripheral technologies is unwarranted in light of the protective order and the discovery that the [accused infringer] has already allowed.")

These documents are also relevant for an independent reason relating to Defendants' defenses to Plaintiffs' claim of infringement.  Defendants claim that ████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

---

[16] ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

 Defendants have stated that Plaintiffs have not included ████████████ in their infringement contentions.  This argument is nonsensical – Defendants have failed to produce relevant information regarding ████████████ to Plaintiffs.  Plaintiffs cannot cite to specific information if Defendants refuse to give them that information.

10

███████████████████████████████████████. Discovery "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Omegaflex, Inc. v. Parker Hannifin Corp.*, 425 F.Supp. 2d 171, 185 (D. Mass. 2006) (*rev'd on other grounds*, 243 Fed.Appx. 592 (Fed. Cir. 2007)) (excluding a theory on which the plaintiff had been unable to take discovery in order to prevent "severe[] prejudice[]").

In addition, Aker Antarctic refused to produce any information relating to ███████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████
        ██████████████████████████████████████
            █████████████████████████████████████████████████████
        ████████████████████████
        ████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████ *See EON Corp. IP Holdings v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, *4 (E.D. Tex. Jan. 21, 2010) (denying protective order because an employee's declaration that devices do not infringe is insufficient basis to avoid providing discovery as to those devices).

11

**B.     Plaintiffs Are Entitled To Documents and Samples Relating to Defendants' Processes Which Defendants Implicitly Admit Are Relevant**

Several of the categories of documents and things which Defendants are now refusing to produce are analogous to information that Defendants have already produced, thus confirming their relevance to the issues in dispute.  *See* Liss Decl. Ex. I (September 24, 2010 Letter from S. Abdullah to A. Hollis Regarding Discovery).  With regard to the samples of substances used in producing Aker Krill Oil Products, Defendants have produced *some* samples to Plaintiffs.  However, they continue to withhold other, key samples that are relevant evidence of infringement.  For instance, Defendants have refused to provide samples ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████ Defendants have offered no reason why these samples should not be produced.

In addition, Defendants have failed to produce ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████ That production implies that Aker Antarctic acknowledges the discoverability of ██████████████████████████████████, yet it now refuses to produce those same types of documents, without any explanation for that refusal. Plaintiffs are entitled to see ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.

Once again, Defendants cannot pick and choose what documents and things responsive to Plaintiffs' requests they wish to produce, particularly where the material that they are withholding may be even more important evidence of Defendants' infringement than the information they have provided. Defendants cannot simply make "unilateral judgment[s]" as to "reasonable compliance" with their discovery obligations. *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D. Neb. 2001) (rejecting defendants' imposition of geographic boundaries on discovery relating to notice of potential product defect); *see also Ares-Serono, Inc. v. Organon Int'l B.V.*, 160 F.R.D. 1, (D.Mass. 1994) ("defendants are not endowed with the unilateral ability to decide the scope and the reach of [35 U.S.C.] section 271").

    **C.**    **Documents Relating to the Patent-In-Suit Are Inherently Relevant to Infringement Issues**

Finally, Defendants' refusal to produce non-privileged communications relating to the '299 patent is unsupportable. Any documents concerning that patent are inherently relevant to a patent infringement lawsuit in which the patent is asserted against the Defendants. *See Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F.Supp.2d 375, (D. Del. 2009) (compelling production of all "internal files" concerning patents-in-suit). As described above, the content of these communications is important in determining what, if anything, Defendants did to attempt

to design around the claimed invention and whether those steps were sufficient to avoid infringement.

In addition, as Defendants have admitted to counsel for Plaintiffs, these communications are relevant to willful infringement. *See* Liss Decl. Ex. N (August 2, 2010 Letter from S. Abdullah to A. Hollis). The Court has limited the issues in the current phase of the case to infringement, and willfulness falls squarely within that scope. Indeed, such an approach is appropriate and efficient – the discovery relating to infringement overlaps with the discovery upon which a Plaintiff would rely for a claim of willfulness. *See Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 609 (N.D. Ga. 1989) (denying motion to bifurcate willfulness from liability because "the willfulness determination … is a finding of fact inextricably bound to the facts underlying the alleged infringement."); *Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F.Supp. 374, (N.D. Ill. 1991) (compelling choice between claim of privilege and advice of counsel defense because "[t]he evidence relating to [the accused infringer's] state of mind when it committed the infringement … cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place."). If this case were to proceed beyond this phase, it would be highly inefficient to have to again conduct discovery on the same or similar issues.

## II. AN EXTENSION OF THE DEADLINE FOR EXPERT REPORTS WILL PROMOTE JUDICIAL EFFICIENCY

Under Rule 16(b) of the Federal Rules of Civil Procedure, a Scheduling Order may be modified upon a showing of "good cause." An extension of the deadlines for expert discovery is necessary in light of Defendants' improper refusal to produce relevant discovery and because of the need for claim construction.

*First*, Plaintiffs need Defendants' complete production in order to enable Plaintiffs' expert(s) to weigh all evidence of infringement in forming their opinions and preparing their opening expert reports. Defendants' own failure to produce these relevant materials necessitates an extension. From the very inception of this litigation, Defendants have insisted on hand-picking the information they provided to the Plaintiffs. Before formal discovery had even begun, Defendants gave Plaintiffs a few documents and asserted that they did not need to provide any more. *See, e.g.,* Plaintiffs' Memorandum In Support of Their Motion to Deny or Continue Motion for Summary Judgment of Non-Infringement of Aker Biomarine Antarctic Pursuant to Rule 56(f) (Dkt. No. 51) at 3-4. Throughout discovery, Defendants continued to be evasive as to what documents they had collected and produced – particularly with regard to documents from the third-party manufacturing facility used by Defendants. *See* Liss Decl. Ex. O (August 10, 2010 Letter from S. Abdullah to A. Hollis at 2). Now Defendants are refusing altogether to produce relevant information without any valid reason for their refusal. It would greatly prejudice the Plaintiffs if they were forced to submit expert reports without the benefit of complete information regarding Defendants' accused processes.[18]

---

[18] In addition, Defendants now seem to be unreasonably delaying Plaintiffs' consultation with experts for the purpose of filing a report. On September 17, 2010, Plaintiffs disclosed expert Aaron Cassely and provided Defendants with the information required to be disclosed under the Protective Order. Liss Decl. Ex. P (September 17, 2010 Letter from J. Oyloe to A. Hollis). Plaintiffs asked that, given the aggressive schedule of the case, Defendants try to respond as soon as practicable. *Id.* Defendants responded the following week by asserting (incorrectly) that Defendants did not serve all of the requisite information. To promote cooperation and an expedited response, Defendants immediately provided additional information. Defendants then responded that they would take until September 28 – 11 days after Plaintiffs' initial disclosure – to respond. Liss Decl. Ex. Q (September 22, 2010 Letter from E. Nemo to J. Oyloe). On Friday, September 24, 2010, in response to Plaintiffs' inquiry as to their response, Defendants again stated they would not yet respond and that their current understanding was that "there will be objections." Liss Decl. Ex. R (September 24, 2010 E-mail from E. Nemo to S. Abdullah). Plaintiffs can discern no reason why Defendants would object to Mr. Cassely, and nor have Defendants provided any. Defendants' unreasonable delay in responding, followed with their

15

*Second*, the parties' communications relating to claim construction show that construction by the Court will be necessary. *See* Liss Decl. Ex. L (September 24, 2010 Letter from S. Abdullah to A. Hollis Regarding Claim Construction) and Ex. M (Plaintiffs' Disagreements With Defendants' Proposed Constructions). In light of this need, Plaintiffs submit that having the Court's determination as to constructions will narrow the issues to be covered by the parties' expert reports. Therefore, deferring the exchange of expert reports until after claim construction will promote judicial efficiency.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move that this Court order that:

1. by October 8, 2010, Defendants must produce:

    a) documents related to on-ship processing of krill to be used in Aker Krill Oil Products – including but not limited to the dehydration of the krill, ███████████████████████████████████████, and tests conducted on the krill;

    b) documents related to the extraction of oil from ████████████████;

    c) documents showing the results of analyses performed by Naturex;

    d) at least three samples of ████████████████████████████████████████████████████████ used in extraction at the Naturex facility as used during the manufacture of Defendants' krill oil products; and

    e) any non-privileged communications regarding the patent-in-suit;

2. the deadlines for the parties' disclosure of experts under Rule 26 be extended to November 1, 2010, or 14 days following issuance of a *Markman* ruling, whichever is later, for the Plaintiffs, and November 15, 2010, or 28 days following issuance of a *Markman* ruling, whichever is later, for the Defendants;

3. the parties must submit opening claim construction briefs by October 11, with any responses due October 18; and

4. all other dates in the Court's Order of August 24, 2010 be extended in parallel.

---

apparent intent to block Plaintiffs from consulting with Mr. Cassely prior to the deadline for expert reports, is additional justification for an extension.

16

/s/ Mark G. Matuschak
Mark G. Matuschak
Hollie L. Baker
Vinita Ferrera
Lawrence P. Cogswell III
Jason H. Liss
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Sadaf R. Abdullah
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8000

September 27, 2010

## Certificate of Service

I hereby certify that this document filed through the Electronic Case Filing system has been served as indicated on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on September 27, 2010.

Jason H. Liss

## Certificate of Compliance

Pursuant to L.R. 7.1(a)(2), I hereby certify that Plaintiffs' counsel conferred in good faith with counsel for Defendants in an effort to narrow or resolve the issues raised in this motion, and that counsel for Defendants has stated that Defendants will oppose this motion.

Jason H. Liss

US1DOCS 7668086v4