# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC. and L'UNIVERSITÉ DE SHERBROOKE, <br><br>Plaintiffs, <br><br>v. <br><br>AKER BIOMARINE ANTARCTIC AS AKER BIOMARINE ASA, JEDWARDS INTERNATIONAL, INC. and VIRGIN ANTARCTIC LLC, <br><br>Defendants. <br>_____ <br><br>AKER BIOMARINE ANTARCTIC AS, JEDWARDS INTERNATIONAL, INC. and VIRGIN ANTARCTIC LLC, <br><br>Counterclaim Plaintiffs, <br><br>v. <br><br>NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC. and L'UNIVERSITÉ DE SHERBROOKE, <br><br>Counterclaim Defendants. | Case No. 1:09-cv-11946-MLW <br><br>REQUEST FOR ORAL ARGUMENT |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN THE POSSESSION OF THE <u>INVENTORS OF THE PATENT-IN-SUIT</u>**

Pursuant to Federal Rules of Civil Procedure 26, 34, 37 and Local Rule 26.1, and for the reasons set forth below, Defendant Aker BioMarine ASA and Defendants and Counterclaim Plaintiffs Aker BioMarine Antarctic AS, Jedwards International, Inc. and Virgin Antarctic, LLC (collectively, "Defendants") hereby submit this memorandum in support of their second motion

to compel Plaintiffs Neptune Technologies and Bioressources ("Neptune") and L'Universite de Sherbrooke ("Sherbrooke") (collectively, "Plaintiffs") to produce documents in the possession of Adrien Beaudoin and Geneviéve Martin, the named inventors of U.S. Patent No. 6,800,299 ("the '299 patent"). Defendants have moved this Court once already to compel production of these documents, and the Court ordered Plaintiffs to produce them. Because Plaintiffs have failed to comply with that order, Defendants respectfully request that the Court again order Plaintiffs to search for and produce any documents that are in the inventors' possession and are responsive to Defendants' requests for production.

**I.    Defendants Already Have Moved To Compel—And The Court Already Has Ordered—Plaintiffs To Produce The Inventors' Documents.**

This is not the first time that Defendants have been forced to seek the Court's assistance in getting Plaintiffs to comply with their discovery obligations with respect to the named inventors of the '299 patent, Adrien Beaudoin and Geneviéve Martin. As of August 10, 2010, Defendants had twice noticed the depositions of Beaudoin and Martin, and Plaintiffs had twice failed to produce the inventors or provide alternative dates for their depositions. *See* D.E. 101 (Mem. in Supp. of Defs.' First Mot. to Compel) at 11–13. Additionally, Plaintiffs had not produced any of the inventors' documents that were responsive to Defendants' requests for production. *See id.* Defendants thus moved the Court to compel Plaintiffs to produce the inventors of the '299 patent for depositions and produce responsive documents in the inventors' possession. *See generally* D.E. 101 (Mem. in Supp. of Defs.' First Mot. to Compel ) ("First Motion to Compel").

As set forth in the First Motion to Compel, Beaudoin and Martin possess information that is relevant to the issue of whether the accused krill oil manufacturing process infringes the claims of the patent, including information about an ethanol extraction process that is identified

as prior art to the '299 patent and information about the interpretations to be given the claim terms in the '299 patent. *See* D.E. 101 (Mem. in Supp. of Defs.' First Mot. to Compel) at 13–14. Additionally, both inventors, and any documents they possess relating to their invention, are squarely within Plaintiffs' control. Both inventors have agreed to, *inter alia*, "communicate to [Sherbrooke], its representatives or agents, any facts relating to said invention or inventions, including evidence for interference purposes or for other proceedings, whenever requested." *See id.* at 10–11, 15; D.E. 102 (Nemo Decl. in Supp. of Defs.' First Mot. To Compel), Ex. I (Assignments from Beaudoin and Martin to Sherbrooke) at 3, 5. L'Université de Sherbrooke is obligated to ensure the inventors' compliance with their contractual obligation to provide discovery. *See* D.E. 101 (Mem. in Supp. of Defs.' First Mot. to Compel) at 15 & n.3; *see also, e.g.*, *Amgen, Inc. v. Ariad Pharms., Inc.*, No. 06-259, 2007 WL 1425854, at *3 (D. Del. May 14, 2007).

On August 24, the Court granted Defendants' motion and ordered that "[b]y September 14, 2010, plaintiffs shall produce Drs. Adrien Beaudoin and Genevieve Martin, on separate dates, for depositions in Montreal, Canada, or in the United States," and "[n]o later than three days before the respective depositions of Beaudoin and Martin, plaintiffs shall produce any documents and things in the inventors' custody or control that are responsive to defendants' requests for production." D.E. 112 (8/24/10 Order) at 2.

## II. Plaintiffs Have Not Complied With The Court's August 24 Order.

On September 8, Plaintiffs produced 22 documents that were labeled with Bates numbers beginning "BEAUDOIN" and appeared to be copies of one or both of the inventors' laboratory notebooks. *See* Hollis Decl., Ex. A (9/8/10 Ltr from Shine to Hollis). During the depositions of Beaudoin and Martin, however, it became clear that despite this production, Plaintiffs had not

3

complied with the Court's August 24 Order. [redacted]



███████████████

Plaintiffs cannot possibly have complied with the Court's order where Plaintiffs did not even ask Beaudoin and Martin to collect documents responsive to Defendants' requests for production. *See, e.g.*, *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL 2758571, at *19 (C.D. Cal. September 18, 2007) (ordering production of all responsive documents where testimony by one of defendant's witnesses "show[ed] that [defendant] did not collect all documents related [to the transaction at issue]. . . as the Court has ordered," but had instead produced only a specific, cherry-picked set of relevant documents).

The inventors' deposition testimony further shows that Plaintiffs have been misrepresenting their efforts to provide discovery from the inventors. On various occasions, Plaintiffs told Defendants and the Court that they had established contact with the inventors and had been cooperating with them to produce the discovery Defendants had requested since before their depositions were first noticed on July 12:

- During a July 13 teleconference, Plaintiffs represented that they were "in contact with the inventors." *See* D.E. 102 (Nemo Decl. In Supp. of Defs.' First Mot. to Compel), Ex. P (7/13/2010 Ltr. from Hollis to Abdullah) at 2; D.E. 103-1 (Liss Decl. in Supp. of Plfs.' Opp'n to Defs.' First Mot. to Compel), Ex. F (8/2/2010 Ltr. from Abdullah to Hollis) at 2.

- In an August 2 letter, Plaintiffs represented that, prior to July 13, Plaintiffs "had reached out to the inventors and were in the process of discussing [Wilmer Hale's] representation of them for purposes of their deposition." *Id.* Plaintiffs further represented that that "process [wa]s still ongoing." *Id.*

- In their August 17 opposition to Defendants' First Motion to Compel, Plaintiffs told the Court that they "sought to make contact with [the inventors] before Defendants noticed their depositions" on July 12 and that they "have inquired about the inventors' documents." D.E. 103 (Pls.' Resp. to Defs.' First Mot. to Compel) at 3, 4. Plaintiffs also submitted a declaration of Neptune's attorney Benoit Huart stating that "[w]e began reaching out to the inventors of the '299 patent before Defendants noticed their depositions on July 12, 2010." D.E. 103-1, Ex. I (Decl. of B. Huart In Supp. of Defs.' Mot. to Compel) at 2.

- In their August 19 Emergency Motion to Extend the Fact Discovery Deadline, Plaintiffs stated that they had been "diligent in attempting to contact the[] inventors, arranging for

5

> their depositions, and collecting their documents." D.E. 107 (Pls.' Emergency Mot. and Mem. in Supp. of Mot. to Extend the Fact Discovery Deadline) at 4.

Despite all of these representations, however, [redacted]

> [redacted]

[redacted]

> [redacted]

[redacted] Thus, it appears that none of Plaintiffs' statements regarding their contact with the inventors and "diligent" collection of documents were true.

Defendants wrote Plaintiffs on September 20, pointing out the discrepancies between Plaintiffs' representations and the inventors' deposition testimony and requesting Plaintiffs' compliance with the Court's August 24 Order. *See* Hollis Decl., Ex. D (9/20/10 Ltr. from Hollis to Abdullah). Plaintiffs, however, did not agree to produce any additional documents in the inventors' possession. Rather, they offered up excuses. Plaintiffs argued that "the inventors are not employed by either of the Plaintiffs." Hollis Decl., Ex. E (9/23/10 Ltr. from Abdullah to Hollis) at 2. But that is the same argument Plaintiffs made in opposing Defendants' First Motion to Compel and that the Court rejected. *See* D.E. 103 (Plfs.' Resp. in Opp'n to Defs.' First Mot. to Compel) at 3, 8; D.E. 112 (8/24/10 Order) at 2. Plaintiffs also argued that "Neptune, L'Universite de Sherbrooke, and the inventors were involved in a contract dispute prior to this litigation," Hollis Decl., Ex. E (9/23/10 Ltr. from Abdullah to Hollis) at 1, but those facts (which Plaintiffs have been aware of since at least 2007, and surely since the day they filed this lawsuit) have nothing to do with Plaintiffs' complete lack of diligence. *See Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (N.D. Cal. 2003) (compelling production of former-employee inventor's documents because plaintiff "should know that if it sues for patent infringement, then defendants are going to request" the inventor's documents, "whether or not [the plaintiff] still employs him.").

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This argument falls apart upon review of the transcript. ▮▮▮

7

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████ Nonetheless, as of the filing of this motion, Plaintiffs continue to insist that they have "cooperated and . . . collected and produced relevant documents from the inventors." Hollis Decl., Ex. F (9/24/10 Ltr. from Abdullah to Hollis) at 1.[1]

### III. The Court Should Compel Plaintiffs To Produce Any Documents And Things In The Inventors' Custody Or Control That Are Responsive To Defendants' Requests For Production.

As the Court already has recognized, the inventors' documents are relevant and within the Plaintiffs' control. And the simple fact is that the Court ordered Plaintiffs to produce any documents and things in the inventors' custody or control that are responsive to defendants' requests for production prior to the inventors' depositions, and Plaintiffs did not do so.

Plaintiffs have stated that they will "once again ask the inventors whether they have any documents not already produced that are responsive to Defendants' requests," but that they

---

[1] The parties held a discovery conference on Friday, September 24, 2010 at 10:00 am CST in an attempt to narrow or resolve the issue raised in this motion. The conference took place over the telephone and lasted approximately 90 minutes. Sadaf Abdullah and Jason Oyloe, counsel for Plaintiffs, and Amanda Hollis and Matthew Shiels, counsel for Defendants, participated. As discussed above, the parties were not able to resolve the issue addressed in this motion, *i.e.*, production of any documents and things in the inventors' custody or control that are responsive to defendants' requests for production.

8

believe that "this exercise will be fruitless *because the inventors have already made clear that they have no further responsive documents*."  Hollis Decl., Ex. F (9/24/10 Ltr. from Abdullah to Hollis) at 2.  Plaintiffs' assurances are meaningless.  How can Plaintiffs represent that "the inventors have already made clear they have no further responsive documents" when the inventors testified under oath they were never asked to collect documents?  Indeed, Plaintiffs initially informed Defendants that "Mr. Beaudoin has . . . confirmed that he does not have in his possession any documents relevant to this phase of the litigation."  Hollis Decl., Ex. G (8/11/10 Ltr. from Abdullah to Hollis).  Yet on September 8, Plaintiffs produced 22 documents (629 pages) bearing Bates stamps indicating that they "came from Dr. Beaudoin."  *See* Hollis Decl., Ex. E (9/23/10 Ltr. from Abdullah to Hollis) at 2; Hollis Decl., Ex. A (9/8/10 Ltr from Shine to Hollis).  Moreover, Plaintiffs must do more than simply "ask the inventors" whether they have any documents that are responsive to Defendants' requests.  Under Federal Rule of Civil Procedure 26, L'Université de Sherbrooke must make "a reasonable effort to assure that [it] has provided all the information and documents available to [it] that are responsive to [Defendants'] discovery demand."  *Legault v. Zambarano*, 105 F.3d 24, 28 (1st Cir. 1997).

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Plaintiffs to immediately search for and produce any documents and things in the inventors' custody or control that are responsive to Defendants' requests for production.  Defendants further request a hearing on this motion.  If the Court can rule on this motion more expeditiously without a hearing, the Court may consider Defendants' request for a hearing to be withdrawn.

Dated:  October 1, 2010                                    Respectfully submitted,

/s/ *Amanda J. Hollis*
Mark A. Pals, P.C. *(pro hac vice)*
Amanda Hollis *(pro hac vice)*
Matthew Shiels *(pro hac vice)*
Elizabeth Nemo *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
mark.pals@kirkland.com
amanda.hollis@kirkland.com
matthew.shiels@kirkland.com
elizabeth.nemo@kirkland.com

Peter E. Gelhaar (BBO# 188310)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com

*Attorneys for Defendants and Counterclaim Plaintiffs*

### CERTIFICATION PURSUANT TO LOCAL RULES 7.1(a)(2) AND 37.1

In compliance with Local Rules 7.1(a)(2) and 37.1, I hereby state that counsel for Defendants has conferred in good faith with counsel for Plaintiffs in an effort to narrow or resolve the issues raised in this motion.

/s/ *Amanda J. Hollis*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2010, a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN THE POSSESSION OF THE INVENTORS OF THE PATENT-IN-SUIT** was served via the Court's ECF system upon counsel of record for Plaintiffs Neptune Technologies & Bioressources, Inc. and L'Université de Sherbrooke.

/s/ *Amanda J. Hollis*