# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC., and L'UNIVERSITÉ DE SHERBROOKE,<br><br>       Plaintiffs,<br><br>v.<br><br>AKER BIOMARINE ASA, AKER BIOMARINE ANTARCTIC AS, JEDWARDS INTERNATIONAL, INC., and VIRGIN ANTARCTIC LLC,<br><br>       Defendants.<br><br>AKER BIOMARINE ANTARCTIC AS, JEDWARDS INTERNATIONAL, INC., and VIRGIN ANTARCTIC LLC,<br><br>       Counterclaim Plaintiffs,<br><br>v.<br><br>NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC., and L'UNIVERSITÉ DE SHERBROOKE,<br><br>       Counterclaim Defendants. | C.A. No. 1:09-cv-11946-MLW<br><br>PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND TO EXTEND THE DEADLINES FOR SERVING EXPERT REPORTS<br><br>PUBLIC REDACTED VERSION<br><br>LEAVE TO FILE GRANTED ON 10/08/2010 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND TO EXTEND THE DEADLINES FOR SERVING EXPERT REPORTS**

Plaintiffs respectfully submit this Reply in Support of Their Emergency Motion to

Compel Production of Documents and Things and to Extend the Deadlines for Serving Expert

Reports[1] ("Plaintiffs' Motion") in order to correct various errors and omissions in Defendants' recitation of the factual and procedural history of this case set forth in their Response in Opposition to Plaintiffs' Emergency Motion to Compel Production of Documents and Things and to Extend the Deadlines for Sereving [*sic*] Expert Reports.  (Dkt. No. 123 ("Opp.").)  Defendants' misstatements are a misplaced attempt to paint the facts in a manner that the Defendants perceive is more favorable to their position and to fling accusations at the Plaintiffs that Defendants hope will color the Court's view.  Defendants' misstatements and omissions cannot overcome the basis of Plaintiffs' Motion – that Plaintiffs are entitled to discovery from the Defendants relevant to the claims and defenses of the parties with regard to the infringement of the '299 Patent.

In particular, the Defendants make the following misstatements or omissions.

## I.     With regard to Plaintiffs' interrogatory responses:

- At no time did Plaintiffs "refuse[] to answer" Defendants' Interrogatory No. 10 (relating to claim construction).  (Opp. at 12.)  Rather, in keeping with the Scheduling Order in effect at the time, Plaintiffs proposed a mutual exchange of claim constructions.  (*See* Dkt. No. 103, Plaintiffs' Response to Defendants' Motion to Compel Depositions, Production of Documents, and Interrogatory Response and for Expedited Briefing, at 4-8.)

- The Court's August 24 Order required – contrary to Defendants' selective and inaccurate paraphrasing (Opp. at 13) – that "***the parties*** . . . provide each other their respective claim construction proposals" by August 31.  (Dkt. No. 112, Order, at ¶ 2(a) (emphasis added).)  As

---

[1] Pursuant to the current Scheduling Order, Plaintiffs served the Expert Report of Bradley Moore, Ph.D. on Defendants on October 1. (*See* Declaration of Jason H. Liss in Support of Plaintiffs' Reply in Support of their Emergency Motion to Compel Production of Documents and Tangible Things and to Extend the Deadlines for Serving Expert Reports ("Liss Decl.," filed herewith), Ex. A, 10/1/10 Letter from Sadaf R. Abdullah to Amanda Hollis.)

2

Defendants acknowledge, Plaintiffs had already done so. (Opp. at 13 ("Plaintiffs . . . refer[red] back to their August 16 interrogatory response advocating the 'plain meaning' of" all of the claim terms for which Defendants had asked for Plaintiffs' proposed constructions.).) In fact, Plaintiffs served their response to Defendants' Interrogatory on claim construction *despite* Defendants' improper refusal to exchange that information – a refusal that, in itself, was contrary to the Court's Scheduling Order. (*See* Dkt. No. 103, Plaintiffs' Response to Defendants' Motion to Compel Depositions, Production of Documents, and Interrogatory Response and for Expedited Briefing, at 4-6.)

- Defendants' assertion that Plaintiffs did not supply their specific disagreements with Defendants' proposed constructions until September 24 is belied by their own purported documentary support – counsel for Defendants sent Plaintiffs a letter on September 9 describing in detail Plaintiffs' disagreements with Defendants' proposed constructions. (*See* Dkt. No. 124, Declaration of Amanda J. Hollis in Support of Defendants' Response in Opposition to Plaintiffs' Emergency Motion to Compel Production of Documents and Things and to Extend the Deadline for Serving Expert Reports ("Hollis Decl."), Ex. J, 9/9/10 Ltr. from Amanda Hollis to Sadaf R. Abdullah, at 1.)[2]

- Defendants' overheated assertion that "Plaintiffs refused to [provide their infringement contentions] until Defendants threatened to move to compel" (Opp. at 2) ignores Plaintiffs' interrogatory response served on July 31, 2010. (*See* Liss Decl., Ex. B, Plaintiffs' and Counterclaim Defendants' First Supplemental Response to Defendants' and Counterclaim

---

[2] Defendants' statement that "Plaintiffs' apparently intend to prove infringement by merely 'disagreeing' with Defendants' positions" (Opp. at 2), in addition to being factually baseless, attempts to confuse Plaintiffs' burden of proof on infringement with *Markman* proceedings.

Plaintiffs' First Set of Interrogatories (Nos. 1-9).)³

## II. With regard to the discovery Defendants refuse to provide:

- Defendants' statements that "[t]here is no connection whatsoever between on-ship processing of krill into krill meal and Plaintiffs' infringement claims or Defendants' noninfringement defenses" and that they "have ***never*** claimed that the ███████████ can be explained by anything that occurs during the processing of krill into krill meal" (Opp. at 7) is, at best, evasive. Defendants plainly argued, in their Motion for Summary Judgment, that ███████████ ███████████ ███████████ (Dkt. No. 31, Memorandum in Support of Aker BioMarine Antarctic AS's Motion for Summary Judgment of Non-infringement, at 13 (emphasis added); *see also* Dkt. No. 34, Declaration of Dr. Nils Hoem, at ¶ 13.)  Furthermore, the two pages of materials Defendants relied upon in disclaiming ███████████ do not fully document Defendants' on-ship processes, in particular with respect to ███████████ ███████████ ███ (Dkt. No. 33, Declaration of Anne Grethe Gustavsen, compare ¶ 7 with Ex. A.)

- Defendants' statement that ███████████ . . . resulted in no product that was sold, used, or imported into the United States" (Opp. at 8) contradicts their own Rule 30(b)(6) witness, who testified that ███████████ ███████████. (*See* Dkt. No. 118, Plaintiffs' Emergency Motion and Memorandum in Support of their Motion to

---

³ Defendants subsequently complained that the Plaintiffs' response was not formatted properly. (*See* Liss Decl., Ex. C, 8/10/10 Letter from Sadaf R. Abdullah to Amanda Hollis, at 1-2.)  In response, Plaintiffs subsequently provided a reformatted version of the latter, ***with the very same information***.  (*See* Hollis Decl., Ex. C, Plaintiffs' and Counterclaim Defendants' Amended First Supplemental Response to Defendants' and Counterclaims Plaintiffs' First Set of Interrogatories (Nos. 1-9).)  Defendants were apparently satisfied with this response.

Compel Production of Documents and Things and to Extend the Deadlines for Serving Expert Reports ("Mot."), at 11; *see also* Dkt. No. 119, Declaration of Jason H. Liss, Esq. in Support of Plaintiffs' Emergency Motion to Compel Production of Documents and Things and to Extend the Deadlines for Serving Expert Reports, Ex. F (filed under seal), Holm Dep., at 87:21-88:1 ███████████████████████████████████████████████████████.)

- Defendants' disregard the fact that in-process analyses conducted by Naturex S.A. are relevant in part because ████████████████████████████████████████████████████████████████████████████████████████████████. (*See* Mot. at 6, 12 (citing Gustavsen Dep. at 128:1-131:6).)[4]

- Defendants misquote Plaintiffs' Request for Production No. 10 in an effort to suggest that it calls only for the production of "raw materials" ***and*** "raw substances." In fact, Request No. 10 seeks samples of "raw materials and/or substances;" that a material – ████████████████████ – is not "raw" does not make it not a "substance."[5] (Hollis Decl., Ex. E, at 8-9.) Furthermore, Defendants – not Plaintiffs – first made an issue of whether and "why some relevant substance or solvent can likely be found in" certain phases of the manufacturing process but not others (Opp. at 10), by asserting that ████████████████████████████████████████████

- Defendants' statement that "Plaintiffs do not contend that communications relating to the '299 patent are relevant to whether the accused extraction processes practice the claimed

---

[4] Defendants also falsely assert that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Defendants also fail to address the fact that Request No. 10 called for samples "in the state in which the material[s] [were] used in the manufacture of an Aker Product," but the samples of ethanol and ██████████████████████████████ that they produced were in fact ***not*** the raw materials or substances typically used in the processes. (Hollis Decl., Ex. E, at 9.) (*See* Opp. at 10 (criticizing Plaintiffs for requesting production of samples that were already covered by Plaintiffs' original requests for production served April 30, 2010).)

5

invention" is incorrect. (*See* Mot. at 13-14 ("the content of these communications is important in determining what, if anything, Defendants did to attempt to design around the claimed invention and whether those steps were sufficient to avoid infringement").)

- Defendants state that "Plaintiffs did not take any steps to take . . . discovery until two weeks before the discovery deadline." In addition to ignoring Plaintiffs' written discovery requests, however, Defendants make no mention of their own role in creating the delays of which they complain – Defendants did not produce information or documents pertaining to the manufacture of one of the two products named in Plaintiffs' complaint until August 16, produced documents on the literal eve of depositions of employees of Aker BioMarine Antarctic AS, and produced documents from third party Naturex S.A. only on September 13 – after the depositions had taken place. (Liss Decl. ¶¶ 5-10.)

## **CONCLUSION**

For the reasons given in their Emergency Motion and Memorandum in Support of their Motion to Compel Production of Documents and Things and to Extend the Deadlines for Serving Expert Reports, Plaintiffs respectfully request that the Court grant the relief requested therein.

Respectfully submitted,

NEPTUNE TECHNOLOGIES &
BIORESSOURCES, INC., and
L'UNIVERSITÉ DE SHERBROOKE,

by their attorneys,

/s/ Mark G. Matuschak
Mark G. Matuschak
Hollie L. Baker
Vinita Ferrera
Lawrence P. Cogswell III
Jason H. Liss
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

                (617) 526-6000

                Sadaf R. Abdullah
                WILMER CUTLER PICKERING HALE AND DORR LLP
                399 Park Avenue
                New York, NY 10022
October 7, 2010          (212) 230-8000

**Certificate of Service**

      I hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on October 7, 2010.

                                                    /s/ Jason H. Liss
                                                    Jason H. Liss